CLD-107                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1341
_____

In re: SANDRA RUMANEK,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to D. Del. Civ. No. 1:17-cv-00123 & D. Del. Civ. No. 1:12-cv-00759)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 21, 2019

Before: CHAGARES, RESTREPO and SCIRICA, Circuit Judges

(Opinion: March 13, 2019)
_____

OPINION*
_____

PER CURIAM

      Sandra Rumanek has filed a petition for a writ of mandamus, in which she

requests appellate review of her pleadings and the District Court's orders in Rumanek v.

Fallon, DC Civ. No. 1:17-cv-00123 (D. Del.).  In addition, she requests:  serial appellate

review for Rumanek v. Independent School Management, DC Civ. No. 1:12-cv-00759

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

(D. Del.); reconsideration of certain prior judgments by this Court; an award of over $4,000,000 in damages; and relief from a state court judgment.

We have been presented with no basis to do any of those things. See, e.g., In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005) (explaining that mandamus is a drastic remedy available only in extraordinary circumstances); Westinghouse Elec. Corp. v. Republic of Philippines, 951 F.2d 1414, 1422 (3d Cir. 1991) (explaining that mandamus is not a substitute for an appeal); United States v. Cuthbertson, 651 F.2d 189, 193 (3d Cir. 1981) (explaining that "the peremptory writ of mandamus has generally been used to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it has a duty to do so"). Perhaps to some degree recognizing as much, Rumanek asks that, if we are inclined to deny relief, we at least "inform her . . . how she must proceed in order to vindicate and cease the trampling of her fundamental civil rights and right to equal protection of the laws by those charged with upholding those rights and laws." Corr. Pet'n at 4.

While we recognize and appreciate the challenges faced by pro se litigants untrained in the law, such litigants "do not have a right—constitutional, statutory, or otherwise—to receive how-to legal manuals from judges." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 246 (3d Cir. 2013). That said, we previously explained to Rumanek that interlocutory orders in Rumanek v. Fallon, DC Civ. No. 1:17-cv-00123 (D. Del.), for example, "would be reviewable by this Court **after final judgment and a properly filed notice of appeal**." In re Rumanek, 740 F. App'x 20, 22 n.3 (3d Cir. 2018) (emphasis added).

In the end, Rumanek has not shown that mandamus relief is appropriate or warranted.

Accordingly, her petition will be denied.[1]

---

[1] Rumanek requests that this Court, in the alternative to dismissing her petition, "consider it an appeal." Corr. Pet'n at 4. An appeal of 'what,' however, she does not specify. And it would be imprudent and improper for this Court to make a guess—even an educated one—particularly given Rumanek's sweeping prayer for relief in the mandamus petition and her demonstrated ability to successfully file notices of appeal.